FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 09 2014

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**CATHY MERRIWEATHER**                                                      **PLAINTIFF**

vs.                          No. 4:14-cv-284 JLH

**OCTAPHARMA PLASMA, INC.,**
**and OCTAPHARMA, AG**                                    **DEFENDANTS**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Cathy Merriweather, by and through her attorneys Allison Koile and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint does hereby state and allege as follows:

## I.
## NATURE OF THE ACTION

This case assigned to District Judge Holmes
and to _____ Young

1.     This is an employment discrimination action brought under the Americans with Disabilities Act of 1990 ("ADA"), the Family and Medical Leave Act of 1993 ("FMLA") and Section 504 of the Rehabilitation Act. Plaintiff worked for Defendants, Octapharma Plasma, Inc., and Octapharma AG.

2.     Defendants unlawfully discriminated against Plaintiff beginning in November of 2013 because of her disability, namely hypertension, in violation of the ADA and Section 504 of the Rehabilitation.  Defendants interfered with Plaintiff's federal

employment rights under the FMLA and retaliated against her for asserting rights afforded to her under the FMLA.

3.      Those violations of the ADA, FMLA, and Section 504 of the Rehabilitation Act, ultimately led to Plaintiff's termination of employment from Octapharma Plasma, Inc., which is a subsidiary of Octapharma AG.

## II.
## THE PARTIES

4.      Plaintiff Cathy Merriweather ("Merriweather") is a resident in the County of Pulaski, State of Arkansas.

5.      Merriweather was formerly employed as an assistant manager for Defendants at their facility located at 5121 Warden Road, Suite B, North Little Rock, Arkansas 72116, which is one of Defendants' blood plasma donation centers.

6.      Merriweather's employment began on March 23, 2010, more than three years preceding the filing of this action, and it ended on or about December 30, 2013. At all times relevant herein, Plaintiff was an "employee" as defined by the Family and Medical Leave Act of 1993.

7.      Plaintiff was injured by the acts and omissions of Defendants during such time as she was entitled to the rights and protections of the Family and Medical Leave Act of 1993 (hereinafter "FMLA") 29 U.S.C. § 2601, et. seq.; the Americans with Disabilities Act of 1990 (hereinafter "ADA"), as amended 42 U.S.C. § 12101, et. seq., and Section 504 of the Rehabilitation Act (hereinafter "Rehabilitation Act").

8.      Defendant Octapharma Plasma, Inc., a subsidiary of Defendant Octapharma AG, is a foreign for-profit corporation, created and existing under and by virtue of the laws of the State of Delaware, registered to do business in the State of Arkansas, with a plasma donation center located in North Little Rock, Arkansas.

9.      Defendants employed fifty (50) or more employees for each working day during each of twenty or more calendar workweeks in the year of the wrongful acts (2013) and the preceding year (2012), combined.

10.     These employees were located at the North Little Rock donation center or within seventy-five (75) miles thereof.

11.     Defendants' corporate headquarters and principal address is 3525 Whitehall Park Drive, Suite 500, Charlotte, North Carolina, 28273.

12.     Defendants' registered agent for service in the State of Arkansas is the Corporation Service Company, 300 Spring Building, Little Rock, Arkansas 72201.

## III.
## JURISDICTION AND VENUE

13.     The United States District Court for the Eastern District of Arkansas, Little Rock Division, has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331.

14.     The acts complained of herein were committed and had their principal effect against Plaintiff within the Eastern District of Arkansas, Western Division; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

# IV.
## FACTUAL ALLEGATIONS

15.     At all relevant times herein, Octapharma Plasma, Inc., and Octapharma AG and have been a foreign corporations maintaining a place of business in Arkansas.

16.     At all relevant times herein, Defendants were the "employer" of Plaintiff within the meaning of all applicable federal statutes and implementing regulations, including the FMLA, the ADA and Section 504 of the Rehabilitation Act.

17.     At all relevant times herein, Plaintiff was an "employee" of Defendants within the meaning of all applicable federal statutes and implementing regulations, including the FMLA, the ADA and Section 504 of the Rehabilitation Act.

18.     Defendants violated 29 U.S.C. § 2615(a) by taking unlawful steps of interfering with, restraining or denying the exercise of or the attempt to exercise, Plaintiff's rights under the FMLA.

19.     Defendants violated 42 U.S.C. § 12101 by taking unlawful steps of interfering with, restraining or denying the exercise of or the attempt to exercise, Plaintiff's rights under the ADA.

20.     Defendants violated Section 504 of the Rehabilitation Act by taking unlawful steps of, interfering with, restraining, or denying the exercise of or the attempt to exercise, Plaintiff's rights under the Rehabilitation Act.

21.     Defendants denied Plaintiff leave under the FMLA, inaccurately reporting to Plaintiff that Defendants were not operating a covered work-site in North Little Rock, due to employing less than fifty (50) employees.

22.     Defendants offered no reasonable accommodations to Plaintiff, in direct violation of the ADA.

23.     Upon information and belief, Defendants receive federal monetary compensation for maintaining a worksite in compliance with the FDA; and they are therefore subject to Section 504 of the Rehabilitation Act.

24.     As such, Plaintiff was improperly denied leave, and she was terminated as a result of Plaintiff taking medical leave for a period that began on or about November 19, 2013.

25.     Plaintiff was hired by Defendants on or about March 23, 2010, as an assistant manager at the North Little Rock, Arkansas Octapharma Plasma, Inc. donation center.  See Exhibit "A."

26.     Plaintiff maintained her employment throughout the time period in question, receiving favorable reviews from her manager, and becoming eligible for a bonus program. See Exhibit "B."

27.     Plaintiff became ill while at work on or about November 19, 2013.  She requested leave to see a medical care provider.

28.     Plaintiff was diagnosed on November 19, 2013 by her primary care physician as having hypertension and potentially other disorders. See Exhibit "C."

29.     Plaintiff's medical condition was so serious as to mandate medical leave from November 19, 2013, to December 17, 2013. See Exhibit "D."

30.     Plaintiff provided diligent and sufficient medical documentation to Defendants as soon as her medical condition was diagnosed.

31.     Plaintiff promptly filed for FMLA leave, and on December 19, 2013, Plaintiff received a letter from Defendants wrongfully stating that her leave had been denied as her work facility was not considered a "covered site" under the FMLA.  See Exhibit "E."

32.     Plaintiff, in her good faith attempt to maintain employment with Defendants, requested personal leave, as outlined in the employee handbook, for which she was granted on December 5, 2013, for the dates of November 19, 2013, through December 17, 2013.  See Exhibit "F."

33.     Plaintiff continued to seek medical treatment for her hypertension during all times in question.

34.     During her absence, Plaintiff was repeatedly contacted by her manager Brian Robinson regarding when she would return to work.

35.     The contacts from Mr. Robinson interfered with Plaintiff's medically excused absence, in direct violation of FMLA.

36.     On December 16, 2013, Plaintiff returned to her primary care physician, who denied her request to return to work.  Her physician, instead, notified Plaintiff that she needed to remain out of work from December 16, 2013, through January 1, 2014, so as to control her hypertension. See Exhibit "G."

37.    Upon medical advice and in compliance with the employee handbook, Plaintiff requested a second personal leave for the dates of December 16, 2013, through January 1, 2014.

38.    This second personal leave was denied by Defendants.

39.    Plaintiff received a letter on December 19, 2013, from Defendants, which stated that if Plaintiff did not return to work on December 21, 2013, she would be terminated from her position. See Exhibit "H."

40.    Again, in her good faith attempt to maintain her employment with Defendants, Plaintiff scheduled the next available appointment with her physician, on December 23, 2013, where, against medical advice, she was released back to work beginning December 24, 2013.  See Exhibit "I."

41.    Plaintiff returned to work on December 24, 2013.  She completed the workday, despite feeling unwell.

42.    Defendants' facility was closed on December 25, 2013.  Plaintiff returned to work on December 26, 2013, and she reported feeling unwell to several co-workers.

43.    On December 27, 2013, Plaintiff felt so unwell due to her hypertension that she was unable to attend work.  As such, she was forced to "call-in sick" December 27, 28 and 29 of 2013.

44.    The first available date Plaintiff could return to her primary care physician was December 30, 2013. At that time, her doctor again advised that she was required to

pt

remain out of work until January 30, 2014, well-within the time allotted by FMLA, in order to adequately treat her hypertension. See Exhibit "J."

45.     Documentation of this visit was submitted to Defendants the same day. See Exhibit "K."

46.     In the evening hours of December 30, 2013, Plaintiff received a phone call from her manager, Brian Robinson, informing Plaintiff that her employment with Defendants had been terminated.

47.     Plaintiff received a written letter from Defendants on December 31, 2013, via FedEx, stating that her employment was terminated due to absenteeism. See Exhibit "L."

48.     The absence beginning on November 19, 2013, and lasting through December 30, 2013, was an absence due to a serious health condition as that term is defined in 29 U.S.C. § 2611 of the FMLA, a disability as defined in 42 U.S.C. § 12112 of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq.

## V.
## FMLA CLAIMS

49.     As a direct and proximate result of Defendants' violations of the FMLA, Plaintiff has suffered damages, including, but not limited to loss of employment, lost wages and salary, benefits, interest in all amounts she would have received calculated at their prevailing rate, and attorneys' fees and costs, and Plaintiff is reasonably expected

to incur future additional reasonable attorneys' fees and expert witness fees and costs in this action.

50.     Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to and seeks an additional amount as liquidated damages equal to the sum of her lost wages or salary, benefits or other compensation denied or loss to her by reason of Defendants' violations of the FMLA, plus any interest she is entitled to for said causes, because Defendants' violations were not in good faith and Defendants had no reasonable grounds for believing that its actions were not in violation of § 2615 of the FMLA.

## VI.
## ADA CLAIMS

51.     Plaintiff Merriweather incorporates by reference the allegations contained in Paragraphs 1 through 50 as though set out in full.

52.     More than thirty (30) days prior to the institution of this lawsuit, Cathy Merriweather filed a charge with the Equal Employment Opportunities Commission alleging violations of Title I of the ADA by Defendants.  Plaintiff received a Notice of Rights Letter on May 5, 2014.  All conditions precedent to the institution of this lawsuit have been fulfilled. See Exhibits "M" and "N."

53.     Defendants engaged in unlawful employment practices at its facility in North Little Rock, Arkansas, in violation of Sections 102(a) of the ADA, 42 U.S.C. § 12112(a).

54.     Specifically, Defendants discharged Cathy Merriweather from employment because of her disability.

55.     At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of the ADA, and could perform the essential functions of the management position from which she was removed, had Plaintiff been able to take her medically necessitated leave or had reasonable accommodations been provided.

56.     Despite her ability to return and to perform the essential function of her job, with reasonable accommodations, Plaintiff was terminated on or about December 30, 2013.

57.     Plaintiff suffers from hypertension, which is a qualified disability as defined by the Americans with Disabilities Act of 1990 (the "ADA") and is substantially limited in performing one or more major life activities, including but not limited to walking, standing, and lifting.

58.     At all times herein, Defendants failed to offer or provide any reasonable accommodation to Plaintiff, including, but not limited to, a reduced workload, reduced work hours, redistributing some of the tasks for which Plaintiff was responsible, or a temporary leave of absence, as is mandatory under ADA § 42 USCA § 12111, which states that a "reasonable accommodation" includes "job restructuring, part-time or modified work schedules, temporary leave of absences, or other similar accommodations for individuals with disabilities." *Id.*

59.     The effect of the practices complained of in Paragraphs 56 through 58, above, has been to deprive Cathy Merriweather of equal employment opportunities and otherwise adversely affect her status as employee because of her disability.

60.     The unlawful employment practices complained of in Paragraphs 56 through 58, above, were and are intentional.

61.     The unlawful employment practices complained of in Paragraphs 56 through 58, above, were done with reckless indifference to the federally protected rights of Cathy Merriweather.

62.     Pursuant to the Americans with Disabilities Act of 1990, Plaintiff is entitled to, and she seeks, an additional amount as liquidated damages equal to the sum of her lost wages or salary, benefits and/or other compensation denied or loss to her by reason of Defendants' violations of the ADA, plus any interest she is entitled to for these causes, because Defendants' violations were not in good faith and Defendants had no reasonable grounds for believing that their actions were not in violation of the ADA.

## VII.
## REHABILITATION ACT CLAIMS

63.     Plaintiff Merriweather incorporates by reference the allegations contained in Paragraphs 1 through 52 as though set out in full.

64.     Plaintiff is a qualified individual with a disability within the meaning of the Rehabilitation Act of 1973 who can perform the essential functions of her position with or without reasonable accommodations.

65.     At all times relevant hereto, and upon information and belief, Defendants are recipients of federal financial aid, as that term is defined by Section 504 of the Rehabilitation Act of 1973.

66.     Defendants failed to engage in an interactive process to discuss whether reasonable accommodations were even necessary or available to assist with Plaintiff's well-established medical condition.

67.     Defendants refused to explore and thereby provide reasonable accommodations to Plaintiff and ultimately, terminated her from her position.

68.     Defendants' actions were intentional, solely based on Plaintiffs disability, and violate Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq.

69.     The unlawful employment practices complained of in Paragraphs 64 through 68, above, were done with reckless indifference to the federally protected rights of Cathy Merriweather.

70.     Pursuant to the Rehabilitation Act of 1973, Plaintiff is entitled to, and she seeks, an additional amount as liquidated damages equal to the sum of her lost wages or salary, benefits and/or other compensation denied or loss to her by reason of Defendants' violations of the Rehabilitation Act, plus any interest she is entitled to for these causes, because Defendants' violations were not in good faith and Defendants had no reasonable grounds for believing that their actions were not in violation of the ADA.

## VIII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cathy Merriweather requests that Defendants be summoned to appear and answer herein; for the entry of a declaratory judgment in favor of Plaintiff, decreeing that her federally protected rights have been violated; that this Court enter judgment in her favor and against Defendants Octapharma Plasma, Inc., and

Octapharma AG, for an amount in excess of $50,000.00, plus interest, liquidated damages as that term is defined in 29 U.S.C. § 2617, reasonable attorneys' fees, costs of action and other relief as this Court deems appropriate, including reinstatement and/or an appropriate award of front pay.

Respectfully submitted,

**PLAINTIFF CATHY MERRIWEATHER**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 110
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _____
Allison Koile
Ark. Bar No. 20011154
allison@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## Exhibit List

| Exhibit Number | Description | Number of Pages |
|---|---|---|
| A. | Hiring Letter | 1 |
| B. | Employment Review | 4 |
| C. | 11/19/13 Dr. Notes | 2 |
| D. | Dr. Excuse 11/19-12/17 | 1 |
| E. | Denial of FMLA Leave | 1 |
| F. | Personal Leave Request | 2 |
| G. | Dr. Excuse 12/16 – 01/01 | 1 |
| H. | 12/19 Letter | 1 |
| I. | Early Release to Work on 12/23 | 1 |
| J. | Dr. Notes 12/30 | 2 |
| K. | Fax Confirm 12/30 | 3 |
| L. | Termination Letter 12/31 | 1 |
| M. | Charge Form Filed with EEOC | 1 |
| N. | Notice of Rights Letter 05/05 | 1 |

# EXHIBIT





**INTERNATIONALBIORESOURCES**

08MAR10

Dear Cathy Merriweather:

I am very pleased to offer you the position of **Assistant Manager for the North Little Rock, AR Plasma Center** with International BioResources, LLC (IBR) contingent on the results of a drug test and background check. If the results of the drug test and/or background check is unsatisfactory, the offer will be rescinded. Assuming that the results are acceptable, you will be reporting directly to **Brian Robinson, Center Manager.**

Your employment start date will be **23MAR10** contingent upon a satisfactory receipt of the drug test results and background check.

**Base Salary:**          Your initial salary will be at the rate of **$40,000 per year** and will be subject to potential increase based on periodic performance review.

                               You will receive a **$5,000** salary increase upon completion of certification in all assigned areas.

**Job Responsibilities:** Your specific duties as **Assistant Manager** will be provided to you in a formal IBR Job Description.

**Introductory Period:**

                   It is IBR policy that all new employees will be monitored for an initial 90-day introductory period. Due to your training that will occur for this position, your introductory period may be longer than 90 days. When you begin employment, you will be in your introductory period, and that introductory period will be extended until you have been fully signed off and functioning for 90 days in your managerial position. Please note that nothing about this introductory period alters the "at will" employment relationship discussed at the end of this letter.

**Insurance Benefits:**

                   Eligibility for insurance will be the 1st of the month after 30 days. Premium Only Plan – The Premium Only Plan (P.O.P.) allows the employee premium contribution to the group insurance plan to be made on a pre-tax basis.

# EXHIBIT

# B

**Cathy Merriweather - 109500 - Octapharma Plasma, Inc.**

# Cathy Merriweather - Competencies

Rate the employee on each competency. Select "3-Meets Expectations" for competencies that do not apply. Add comments as necessary.

**Rating Scale** Five Point

**Section Weight**
100%

### Accountability                                                                    Competency Weight: 8%

Makes aggressive commitments and is willing to be judged against them. Trustworthy with unyielding integrity.
**Show details**...
Journal Entries

**Brian Robinson**, Manager

4 - Exceeds Expectations

Cathy you are definitely trustworthy and display high integrity. Since your last evaluation in 2011 you have developed greatly into a strong AM and you have shown great commitment to the growth and compliance of the center. Keep up the great work!!

### Business and Organizational Knowledge                                          Competency Weight: 8%

Having a solid knowledge of the company as well as the industry. Ability to identify and learn new information.
**Show details**...
Journal Entries

**Brian Robinson**, Manager

3 - Meets Expectations

2012 was the year I believe the "light bulb" came on for you in reference to having a full understanding of the plasma industry and all the intricate details.

### Communication Skills                                                             Competency Weight: 8%

(written and oral) Exhibits the ability to effectively communicate with peers, supervisors, subordinates (if applicable) and others outside the company. Listens to others.
**Show details**...
Journal Entries

**Brian Robinson**, Manager

4 - Exceeds Expectations

Your written and oral communication skills meet my expectations. You present well during staff meetings and during counseling session with donors and staff. You ensure that all HR topics are covered during staff meetings.

### GMP, Quality and Regulatory Compliance                                          Competency Weight: 8%

Complies with all GMP, Quality, Safety and other regulatory requirements. Effectively follows SOPs, work instructions and safety protocols.
**Show details**...
Journal Entries

*No comments are available.*

**Brian Robinson**, Manager

3 - Meets Expectations

### Interpersonal Skills                                    Competency Weight: 8%

Develops and maintains constructive relationships while reconciling or resolving conflict. Demonstrates skill in balancing the interests of the individual, team and organization to achieve common goals. Presents feedback as a coach, seeking improved performance (if applicable).
**Show details...**

Journal Entries

**Brian Robinson**, Manager

3 - Meets Expectations

In 2012 you were still learning and developing your management style, but you have shown that you can resolve conflict and motivate staff for the common good of the center.

### Job Knowledge_                                          Competency Weight: 8%

Exhibits professional/technical/analytical skills necessary for the job. Monitors new trends and ideas in profession and performs duties with little or no supervision.
**Show details...**

Journal Entries

**Brian Robinson**, Manager

3 - Meets Expectations

Again, in 2012 you have shown that you have a solid knowledge of your job duties and are able to complete tasks with little or no supervision. In addition, you take lead with managing our supply room by keeping it organized and easily accessible. As you know our supplies are a variable cost that we can control and by having a neat and organized supply room allows us to keep cost under control.

### Motivating and Coaching Others                          Competency Weight: 8%

Displays the ability to influence others, motivate, generate enthusiasm, sell ideas and convince others with or without direct authority. Provides coaching and clear feedback to employees and emphasizes training and development. Models what is expected; encourages and supports employees.
**Show details...**

Journal Entries

**Brian Robinson**, Manager

4 - Exceeds Expectations

I believe that you have earned the respect of your staff and they listen to you when you give them guidance and directives. Leading by example seems to have been your strategy in 2012 and it works.

### Problem Solving and Decision Making                     Competency Weight: 8%

Acts on and makes timely decisions with business direction. Delegates decision making authority to a level which has capability and information closest to the internal or external customer.
**Show details...**

Journal Entries

**Brian Robinson**, Manager

3 - Meets Expectations

You make timely decisions, but I would like to see you delegate tasks that your Supervisors and Sr's can do. I mentioned this to you several times in 2012 "Delegate".

---

### Process Management                                    **Competency Weight:** 8%

Figures out processes necessary to get things done. Knows how to organize people and activities. Can combine tasks into efficient workflow. Gets more out of fewer resources.
**Show details...**

Journal Entries

*No comments are available.*

**Brian Robinson**, Manager

3 - Meets Expectations

---

### Selection and Development of People                   **Competency Weight:** 8%

Having the ability to assess skill strengths and weaknesses of individuals and teams in order to determine what actions are appropriate to build and/or improve needed skills.
**Show details...**

Journal Entries

*No comments are available.*

**Brian Robinson**, Manager

3 - Meets Expectations

---

### Stress tolerance                                      **Competency Weight:** 8%

Maintains composure and satisfies work requirements when faced with pressure due to time frame, workload, adversity, disappointment, or opposition.
**Show details...**

Journal Entries

*No comments are available.*

**Brian Robinson**, Manager

3 - Meets Expectations

---

### Vision and Direction Setting                          **Competency Weight:** 8%

Ability to provide clear sense of direction for organization/department. Secures relevant information. Identifies day -to-day issues and sets priorities.
**Show details...**

Journal Entries

*No comments are available.*

**Brian Robinson**, Manager

3 - Meets Expectations

---

Manager Rating

**Average Competency Ratings**

3.25 - Meets Expectations

# EXHIBIT



# Lakewood Family
# Medicine Clinic

MERRIWEATHER, CATHY               DOB:02/22/1972                    11/19/2013

## Adverse Drug Reactions
No known adverse drug reactions

## Current Medications
ADIPEX-P  37.5 MG  1 tab QAM
VITAMIN D  50,000 Units

## Assistant Note
wondering about BP meds , she doesn't feel well on the lisinopril
headaches started after the medication dose increase to 20mg
home BP 160's/100's
feels "spacey"

Adipex refill

mood stable

request leave from work

## SUBJECTIVE
No chest pain.
Pt here for a follow up. BP is still not controlled. She is taking her meds regularly. Home BP=155-160/90-100mmHg. . Energy
level and fatigue are also better since she started the Vitamin D. Hair are also better. Continues to get dizzy especially when she
gets up from a lying position.
No chest pain. No shortness of breath. NYHA-1. Denies palpitations, unusual sweating or syncopal episodes.
Has cut back on his salt intake. No ankle swelling. Vision has become mildly blurry off and on.
There is a lot of stress involving work. Not sad. No suicidal or homicidal ideations. No mood swings or racing thoughts. Does
not have any problems going off to sleep at night.
Ever since the last visit, headaches have not improved at all BC powder helps sometimes.
**PMH/PSH**
Right knee surgery 13 years ago.
Chronic right knee pain.
Obesity.
No h/o medications.
Hysterectomy.

### Family History
Mother had: DM.

### Social History
Has been smoking 1.5 PPD for 25 years.
Consumes ETOH occasionally.
Does not do drugs.
Works for the FDA.

## OBJECTIVE
### *Vital Signs*
BP 138/87 mmHg; Pulse 74 bpm; Temp 99 °F; Wt 149 lbs; Ht 65 inches;
### *Clinical Parameters*
BMI 24.8 kg./m2;

Pg 1 of 2 Pgs

Electronically signed by Muhammad Siddiqui, MD

Date: 11-19-13   Name: Merriweather Cathe   Lakewood Family Medicine   Acct #: 1287   Age: 41   Seen by Dr: Siddiqui
Ht. 65   Wt. 149   BP 138/87   Pulse 74   Resp. 20   Temp. 99.0
Drug Allergies: NKDA

CC/HPI: Wondering about BP medicine, doesn't feel well on the medication. (Lisinopril). Headaches after increasing Lisinopril to 20mg HS. Home BP 100's/100's. Pt feels "spacery" Requests Adipex refill. ⊘CP ⊘SOB  Mood stable. ⊘HI ⊘SI. Requests "leave" from work.

ROS:
- □ Constitutional
- □ Eyes + ENT
- □ CV
- □ Respiratory
- □ GI
- □ GU
- □ Skin
- □ Musculoskeletal
- □ Neuro
- □ Psych
- □ Heme/Lymph
- □ Endocrine

| | | |
|---|---|---|
| Gen: | (Alert & Oriented, NAD) W/D/WN, well-hydrated | Mild/Moderate Severe Distress |
| ENT: | L & R TMs Normal NL Tonsils/Throat/Nose | TM – L or R – Dull / Red / Purulent or Serous effusion / Wax Impaction frontal or maxillary sinuses TTP / OP red / tonsils / Boggy Turbinates |
| Eyes: | PERRLA EOMI Conj. & Lids Normal | Allergic shiners / Injected Conjunctive / Purulent D/C |
| Neck: | Supple, Full ROM Thyroid NL, No LAD | No thyromegaly / No meningismus / Large lymph nodes |
| CV: | RRR No M/R/G No LE Edema | Murmur / Irregularly Irregular / Edema or Venous Stasis L or R or B |
| Lungs: | CTA Bilat. No crackles/wheeze | Wheezes / Rhonchi – on L or R or Bilat |
| Abd: | Soft NT/ND+BS No guarding/Rebound | Flank pain / Guarding / +Heelstrike / +Murphy's / + McBurney's |
| MSkel: | NL Gait/Station Digits/Nails NL | Clubbing |
| Skin: | No rash or cyanosis | Rash – Macular / Papular / Maculopapular / Acne – Trunk LE UE Face |

| | | |
|---|---|---|
| Neuro: | WNL □ | (CN II-XII intact, Fundi NL, no Pappiledema DTR's NL, Motor 5/5 Bilat UE & LE) |
| Rectal: | WNL □ | (Tone NL/Prostate WNL/ No mass)  Abnormal Tone/Prostate enlarged/Guaic |
| Male GU | WNL □ | (NL Male/No hernia, Varicocele, Testicular Mass or Pain) |
| Pelvic | WNL □ | Vulva, Vaginal mucosa & Cervix WNL/Bimanual normal/ No CMT) |
| Breast | WNL □ | (No Nipple DC/No Retractions / No Masses palpated / No overlying skin changes / No LAD) |

CXR on next visit

EUR

Christina Wobe RN FNP Student
RTC PRN no better or worsening symptoms

Signed: _____

# EXHIBIT



Lakewood Family Medicine Clinic
4701 Fairway Ave. Suite D
North Little Rock, AR 72116
Phone: (501) 975-3616
Fax: (501) 975-6705

Date: 12-2-13

Please excuse: (Cathy Morrow-mother)

(Patient's Name)

From:
☒ Work
☐ School
☐ Other

From: 11-20-13   To: 12-17-13

He/She may return on: 12-17-13

Comments: none

_____

_____

_____

_____

Ali Siddiqui M.D.
Lakewood Family Medicine

# EXHIBIT





PO Box 14560
Lexington, KY 40512-4560
LAUREN SWARTZ
STD BENEFIT MANAGER
Phone: 1-866-326-1379
Fax: 1-866-667-1987

12/19/2013

CATHY MERRIWEATHER
3721 WEST 21ST STREET
LITTLE ROCK AR - 72204

**Employer: Octapharma Plasma, Inc.**
**RE: Claim Denial**
**Claim Number: 9160962**

Dear CATHY MERRIWEATHER :

Aetna Life Insurance Company ("Aetna") administers leaves for Octapharma Plasma, Inc. under the Family and Medical Leave Act (FMLA) and applicable state law.

This letter is to inform you that the following leaves have been denied for the reasons outlined below:

**Federal Family and Medical Leave Act (FMLA)**

| Date(s) of Absence | Last Day Worked | Status |
|---|---|---|
| 11/19/2013 - 12/16/2013 | 11/18/2013 | Denied / Ineligible Worksite |

Reason for denial: Ineligible Worksite - The request has been denied because the worksite is not covered under Federal FMLA and/or applicable State leave based on the minimum number of employees.

This request for leave has been denied because the worksite is not covered under FMLA based on the minimum number of employees at the worksite. **You may contact your employer to request a Personal Leave of Absence.** Please refer to Octapharma Plasma, Inc.'s Leave policy for details.

**Federal Family and Medical Leave Act (FMLA)**
Eligible employees have a right to leave under the FMLA for up to 12 weeks of unpaid leave in a 12-month period if: they are unable to perform the functions of their job due to their own serious health condition; for the care of their spouse, son, daughter or parent with a serious health condition; or for birth and care of their newborn child; placement of a son or daughter with the employee for adoption or foster care; because of a qualifying exigency arising out of the employee's spouse, son, daughter or parent on active duty or call to order to active duty in support of a contingency operation; or 26 weeks of unpaid leave to care for a covered servicemember with a serious injury or illness, if the employee is the spouse, son, daughter, parent or next of kin of the servicemember.

Please note that because you are denied, job protection under these entitlements does not apply.

Please contact me at 1-866-326-1379 with any questions regarding this letter.

Sincerely,

LAUREN SWARTZ
STD BENEFIT MANAGER

# EXHIBIT





**octa**pharma
plasma

## Personal Leave of Absence Request

*Important Note: Employees requesting medical leave (for themselves or a family member) should first contact Aetna, our Family Medical Leave (FMLA) Administrator, to see if they qualify for federal and/or state leave entitlements and to file a claim for short-term disability benefits, if applicable. Call Aetna's FMLA line at 1-866-326-1379. If you do not qualify for FMLA, you may apply for a Personal Leave of Absence in accordance with Octapharma Plasma's leave policy.*

*ERROR CM 06DEC13*

☑ New Personal Leave Request       ☑ Leave Extension /Change *(original leave dates* 19NOV13 *to* 09DEC13
(Non-FMLA)

**Employee Name:** Cathy Merriweather       **Date:** 05DEC13

**Location:** NLR # 426       **Hire Date:** 15MAR10

**Leave Dates:  Starting on** 19NOV13 **Ending on** 17DEC13 *(45 days maximum)*

**Type of Leave** *(attach supporting documentation)*

☑ Personal Medical

☐ Personal Non-Medical

☐ Military

☐ Other _____

**Insurance:** Health Insurance and other benefits during leave will continue in accordance with the Company's leave policy. The employee portion of insurance premiums must be paid in a timely manner to maintain benefits.

**PTO Usage:** Employees on a Personal Leave of Absence are required to use their accrued PTO hours, unless they are receiving short-term disability income. PTO will not accrue while on an unpaid leave of absence.

**Certification:** *In making this request, I certify that I do intend to return to work when my leave expires. I certify that I understand that if I do not return to work on the date indicated above, or if I do not obtain any necessary extension of my leave before it expires, the Company will consider that I have voluntarily resigned from my job. In addition, I certify that if the circumstances surrounding my leave change, I will immediately notify the Company of the change and its expected impact on my leave.*

*I certify that the foregoing statements are complete, accurate and true to the best of my knowledge, and I understand that a misstatement or omission of fact may be cause for dismissal. I understand that Personal Leave approval is discretionary and based upon business needs. Approved personal leaves are not job-protected and do not guarantee a position upon my return to work.*

**Employee's Signature:** Cathy Merriweather       **Date:** 05DEC13

HR-BEN-100       01 May 2011

**octa**pharma
plasma

## Personal Leave Approval
### For completion by Department /Center Director

**Important Note: Employees requesting medical leave (for themselves or a family member) should first contact Aetna, our Family Medical Leave (FMLA) Administrator, to see If they qualify for federal and/or state leave entitlements and to file a claim for short-term disability benefits, if applicable. They should call Aetna's FMLA line at 1-866-326-1379. If they do not qualify for FMLA, they may apply for a Personal Leave of Absence in accordance with Octapharma Plasma's leave policy.**

___ New Personal Leave Request  ✓ Leave Extension /Change (original leave dates _19NOV13_ to _14DEC13_)
(Non-FMLA)

**Employee Name:** _Cathy Merriweather_        **Date:** _05DEC13_

**Location:** _NLR # 426_              **Hire Date:** _15MAR10_

**Leave Dates Requested:  Starting on** _19NOV13_ **Ending on** _17DEC13_

**PTO hours currently available:** _____

| | | |
|---|---|---|
| Has this employee been employed with the Company for a minimum of six (6) months? | YES | NO |
| Is this leave request for 45 calendar days or less? | YES | NO |
| Has this employee met the expectations for their position based on their most recent written performance evaluation? | YES | NO |
| Is this employee free of any written warnings within the past three (3) months? | YES | NO |
| Can this leave be granted without causing undue hardship to your center operations? *(Explain below)* | YES | NO |

I approve this Personal Leave Request _✓_ I do not approve this Personal Leave Request _____

Reason for Approval or Disapproval *(Required)* _____

_____

_____

**Director's Name (Please Print):** _Brian Robinson_

**Director's Signature:** _Brian Robinson_            **Date:** _05 DEc13_

**Human Resource's Signature:** _____   **Date:** _____

| |
|---|
| *Human Resources Use Only:* |
| Eligible for FMLA Leave: YES _____  NO _____ |
| Personal Leave Approved:  YES _____ NO _____ |
| Approval status confirmed with Manager: YES _____   NO _____ |
| Letter sent to employee notifying them of leave status: YES _____   NO _____ |
| Expected return to work date _____ |

01 May 2011

# EXHIBIT



Lakewood Family Medicine Clinic
4701 Fairway Ave. Suite D
North Little Rock, AR 72116
Phone: (501) 975-3616
Fax: (501) 975-6705

Date: 12/16/13

Please excuse: _Cathy Merriweather_
(Patient's Name)

From:
☑ Work
☐ School
☐ Other

From: 12/16/13        To: 1/1/14

He/She may return on: 1/2/14

Comments: _____
_____
_____
_____
_____

_Ali Siddiqui_ (signature)
Ali Siddiqui M.D.
Lakewood Family Medicine

# EXHIBIT





December 19, 2013

Cathy Merriweather
3721 West 21st Street
Little Rock, AR  72204
**Sent Federal Express Priority**

Dear Cathy,

**RE:  Personal Leave of Absence (Extension) Denial**

We have received your recent request for a second Personal Leave of Absence extension through January 1, 2014.

Previously, you requested a personal leave for 19NOV13 – 09DEC13 which was approved by OPI. When this personal leave was ending, you requested a leave extension through 17DEC13 which was also approved by OPI, with the expectation that you would be able to return to your position of Assistant Manager at our North Little Rock Donor Center at that time. At the end of this first extension, we received your latest request for a second extension.

As indicated in our Leave policy, Personal Leave approval is based upon business need at your work location.  Given the nature of your position as Assistant Manager of the North Little Rock donor center, we cannot approve your latest request to extend your personal leave.  **As a follow-up to today's conversation with your Center Director, Brian Robinson, please plan to return to work no later than December 21, 2013.**

Our hope is that you will be able to continue your employment with Octapharma Plasma.  Should you require additional time away from work at this time, you may resign your position and reapply for an open position upon your availability to work in full capacity.

Please feel free to contact me at (704) 654-4655 if I can be of assistance to you.

Best Regards,

Alice Bornemann, SPHR
Benefits Specialist

cc:  Brian Robinson, Center Director

# EXHIBIT

**Lakewood Family Medicine Clinic**
4701 Fairway Ave. Suite D
North Little Rock, AR 72116
Phone: (501) 975-3616
Fax: (501) 975-6705

Date: _12-23-13_

Please excuse: _Cathy Merriweather_
(Patient's Name)

From:
☒ Work
☐ School
☐ Other

From: _11-19-13_   To: _12-24-13_

He/She may return on: _12-24-13_

Comments: _Patient request early release_
_back to work._

_Cynthia Y Lee._
Ali Siddiqui M.D.
Lakewood Family Medicine

# EXHIBIT



# Lakewood Family
# Medicine Clinic

MERRIWEATHER, CATHY                    DOB:02/22/1972                    12/30/2013

## Adverse Drug Reactions
No known adverse drug reactions

## Current Medications
ADIPEX-P  37.5 MG  1 tab QAM

## SUBJECTIVE
Pt here for a follow up. BP is still not controlled. Home BP=160-194 / 124 mmHg.
No chest pain. No shortness of breath. NYHA-1. Denies palpitations, unusual sweating or syncopal episodes.
Has cut back on her salt intake. Does have ankle swelling. Vision is mildly blurry off and on. Awaiting repeat eye doctor visit.
There is a lot of stress involving work. States that she is not really depressed. No suicidal or homicidal ideations. Does have
some mood swings but these are not severe. Having trouble focusing.
Ever since the last visit, headaches have not improved at all. Left hand finger tips have been numb.
Still feels fatigued most of the time and has no energy. The patient still does not want to do anything.
. Wakes up tired in the morning. Sometimes wakes up with a headache in the morning.]

For the most part, she has more good than bad days.

## OBJECTIVE
### Vital Signs
Wt 162 lbs; Ht 65 inches; BMI 27 kg./m2; RR 18 .; BP 167/93 mmHg; Pulse 80 bpm; Temp 98.4 °F;
### Clinical Parameters
BMI 27 kg./m2;
### General
AAO x 3, NAD.
### CVS
S1 + S2 audible. Questionable 2/6 SEM at LSM. No rubs or gallops audible.
### Resp
CTA-b
### Neuro
Grossly intact.
### Extremities
No C/C/E bil.
### Psych
Happy. No psychomotor agitation / aggression. No restlessness, flight of ideas or pressure of speech. Not suicidal or homicidal.
Not delusional.

## ASSESSMENT
### Hypertension
Still not well controlled.
Monitor BP and maintain diary. Low salt diet.
Continue Ramipril 10mg HS.
Start Maxzide 37.5/25mg 1 tab QAM.
Increase Toprol XL to 50mg QD.
### GAD
Start Zoloft 50 mg HS.
Minitor for any suicidal or homicidal ideations.
Work excuse x 30 days.
### Headache

Electronically signed by Muhammad Siddiqui, MD

Lakewood Family Medicine

Date 4/8/13  Name Merriweather, Cathy  Acct # 1287  Age 41  Seen by Dr. Sid Aigner
Ht. 65  Wt. 167  BP 167/93  Pulse 80  Resp.  Temp. 98.4
Drug Allergies NKDA

CC/HPI: follow-up for hypertension
Home BP went up to 197/124 x 4 days ago.
Also continues to have ∅ episodes of ↑ BP
Also no visual changes.     exp dsa.
Has numbness in left hand fingers tips.
Headaches are bad again.
Not really depressed but angry about job.
∅ SI ∅ HI  Having trouble focusing.

ROS:
- ☐ Constitutional      ☐ GI            ☐ Neuro
- ☐ Eyes + ENT          ☐ GU            ☐ Psych
- ☐ CV                  ☐ Skin          ☐ Heme/Lymph
- ☐ Respiratory         ☐ Musculoskeletal ☐ Endocrine

Gen:   Alert & Oriented, NAD          Mild/Moderate Severe Distress
       W/D/WN, well-hydrated
ENT:   L & R TMs Normal               TM – L or R – Dull / Red / Purulent or Serous effusion / Wax Impaction
       NL Tonsils/Throat/Nose         frontal or maxillary sinuses TTP / OP red / tonsils / Boggy Turbinates
Eyes:  PERRLA EOMI                    Allergic shiners / Injected Conjunctive / Purulent D/C
       Conj. & Lids Normal
Neck:  Supple, Full ROM               No thyromegaly // No meningismus / Large lymph nodes
       Thyroid NL, No LAD
CV:    RRR No M/R/G                    Murmur / Irregularly Irregular / Edema or Venous Stasis L or R or B
       No LE Edema
Lungs: CTA Bilat.                      Wheezes / Rhonchi – on L or R or Bilat
       No crackles/wheeze
Abd:   Soft NT/ND+BS                   Flank pain / Guarding / +Heelstrike / +Murphy's / + McBurney's
       No guarding/Rebound
MSkel: NL Gait/Station                 Clubbing
       Digits/Nails NL
Skin:  No rash or cyanosis            Rash – Macular / Papular / Maculopapular / Acne – Trunk LE UE Face

Neuro:   WNL ☐ (CN II-XII intact, Fundi NL, no Pappiledema DTR's NL, Motor 5/5 Bilat UE & LE)
Rectal:  WNL ☐ (Tone NL/Prostate WNL/ No mass)  Abnormal Tone/Prostate enlarged/Guiac
Male GU: WNL ☐ (NL Male/No hernia, Varicocele, Testicular Mass or Pain)
Pelvic:  WNL ☐ Vulva, Vaginal mucosa & Cervix WNL/Bimanual normal/ No CMT)
Breast:  WNL ☐ (No Nipple DC/No Retractions / No Masses palpated / No overlying skin changes / No LAD)

① HTN ⟶ ↑ Toprol XL to 50 qd.
         Continue Ramipril 10 qd
         Add Maxzide 37-5/25 ī qd.
         Stop Adipex.

② GAD  — Add Zoloft 50 mg ī HS.       Monitor SI/HI
       — RTC 2 wks for referral.

⟶ Work excuse x 1 month.

RTC PRN no better or worsening symptoms

Signed: _____

# EXHIBIT



FAX 501 812-0448 / 1 866 667 1987
Att Brian                Attn Lauren
                              Schultz

## Lakewood Family Medicine Clinic
4701 Fairway Ave. Suite D
North Little Rock, AR 72116
Phone: (501) 975-3616
Fax: (501) 975-6705

Date: _12-30-13_

Please excuse: _Cathy Merriweather_
                          (Patient's Name)

From:
☐   Work
☐   School
☐   Other

From: _12-30-13_      To: _1-30-14_

He/She may return on: _1-30-14_

Comments: _____
_____
_____
_____
_____

_Bob_____

Ali Siddiqui M.D.
Lakewood Family Medicine

* * *  Communication Result Report ( Dec. 30. 2013  7:24PM ) * * *
                                                            1)
                                                            2)

Date/Time: Dec. 30. 2013  7:23PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|----------|------|-------------|-------|--------|---------------|
| 8971 | Memory TX | 5018120448 | P.   2 | OK | |

--------------------------------------------------------------------------------
      Reason for error
        E. 1) Hang up or line fail            E. 2) Busy
        E. 3) No answer                       E. 4) No facsimile connection
        E. 5) Exceeded max. E-mail size       E. 6) Destination does not support IP-Fax



x x x Communication Result Report ( Dec. 30. 2013  7:25PM ) x x x

1)
2)

Date/Time: Dec. 30. 2013  7:25PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 8972 | Memory TX | 18666671987 | P. 2 | OK | |

---

Reason for error
E. 1) Hang up or line fail            E. 2) Busy
E. 3) No answer                       E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size       E. 6) Destination does not support IP-Fax



# EXHIBIT





**octa**pharma
plasma

December 30, 2013

Cathy Merriweather
3721 West 21st Street
Little Rock, AR 72204
**Sent Federal Express Priority**

Dear Cathy:

**RE: Termination from Employment**

As we discussed today, Octapharma Plasma, Inc. ("Octapharma") has terminated your employment with the company effective immediately given your failure to show up for work as scheduled.

I contacted you directly on December 19, 2013 and informed you that Octapharma was unable to grant you an additional extension of your personal leave time and made clear during our conversation that you were required to return to work by December 21, 2013. Octapharma's Human Resources Department also sent you written notice containing the same information on December 19, 2013.

You returned to work on December 24, 2013. You have since called out of work each day you were scheduled to work from Friday, December 27 through today, December 30 which is a very serious issue. Obviously, your attendance at work is critical, particularly in your capacity as Assistant Manager who frequently has the responsibility of opening and closing the center.

As a result of your failure to show up for work as scheduled, Octapharma has made the business decision to terminate your at-will employment.

Do not hesitate to contact me should you have any questions.

Best Regards,

Brian Robinson, Center Director

cc: Human Resources

---

# EXHIBIT



EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | 493-2014-00384 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Cathy Merriweather** | **(501) 541-4682** | **02-22-1972** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3721 W. 21st, Little Rock, AR 72204** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **OCTAPHARMA PLASMA, INC.** | **15 - 100** | **(501) 812-0440** |

| Street Address | City, State and ZIP Code |
|---|---|
| **5121 Warden Road,  North Little Rock, AR 72116** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN

☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION

☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE

Earliest **12-24-2013**   Latest **12-30-2013**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**I was employed in March 2010 and worked most recently as an Asst. Manager. I was diagnosed with a disability in Nov 2013, and taken off work by my physician between 19 Nov 2013 and approximately 17 Dec 2013. I returned to work on 24 Dec 2013. I called off sick on 27 – 29 Dec 2013 under the attendance points system. I was discharged 12/30/2013 without having reached the 6 attendance points required for termination under the employer's policy.**

**I was told I was discharged due to my absences.**

**I believe I was denied accommodation in the form of excused absences or leave, and was discharged because of my disability and/or because the employer regarded me as disabled, in violation of the Americans with Disabilities Act of 1990, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| **Jan 07, 2014**     X _Cathy Merriweather_ <br> Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

# EXHIBIT



# N

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Cathy Merriweather<br>3721 W. 21st<br>Little Rock, AR 72204 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

| | ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **493-2014-00384** | **Chris E. Stafford,**<br>**Investigator** | **(501) 324-5812** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

_____          5-5-2014
**William A. Cash, Jr.,**                    *(Date Mailed)*
**Area Office Director**

Enclosures(s)

cc:

| Alice Borneman<br>HR Manager<br>OCTAPHARMA PLASMA INC.<br>5121 Warden Road<br>North Little Rock, AR 72116 | Octapharma Plasma Inc.<br>Attn:  HR/April McCoy<br>3525 Whitehall Park Dr, Ste 500<br>Charlotte, NC 28273 | Sanford Law Firm, PLLC<br>Attn: Allison Koile<br>303 West Main Street<br>P.O. Box 39<br>Russellville, AR 72811 |
|---|---|---|



Enclosure with EEOC
Form 161 (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS  --  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS  --  **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION  --  **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.**  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*